UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| GEORGE LUCKEY, § | |
| § | |
| Plaintiff, § | |
| VS. § | MISCELLANEOUS NO. 2:13-MC-242 |
| § | |
| CITY OF CORPUS CHRISTI, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

On May 20, 2013, Plaintiff applied for leave to proceed *in forma pauperis* (D.E. 1). His brief one-page complaint alleges that the Corpus Christi Police Department covered up complaints, H.U.D. did not follow up with complaints, and City Hall covered up paperwork due to racism (D.E. 1, Att. #2). A hearing on his application was scheduled for June 5, 2013, at 3:00 p.m. Plaintiff failed to appear for the hearing. He was then ordered to show cause, within twenty days, why his application should not be denied and his complaint dismissed (D.E. 3). Plaintiff failed to file any response to the order to show cause. He was warned in the show cause order that failure to timely comply could result in denial of his application and dismissal of his complaint for want or prosecution (D.E. 3). Plaintiff appears to have abandoned his complaint.

## Discussion

Rule 41(b) of the Federal Rules of Civil Procedure, provides as follows:

(b) **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

This rule has been interpreted to include the power of the District Court to *sua sponte* dismiss an action for failure to prosecute. *Martinez v. Johnson*, 204 F.3d 769, 772 (5th Cir. 1997) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* (citing *Link v. Wabash Railroad*, 370 U.S. 626, 82 S.Ct. 1386, 1388 (1962)). If the dismissal is with prejudice, the district court must first determine that the failure to comply was the result of purposeful delay or contumaciousness, and the record must reflect that the district court employed lesser sanctions before dismissing the action. *Long v. Simmons*, 77 F.3d 878, 879 (5th Cir. 1996).

Here plaintiff failed to comply with the notice to attend the court hearing and failed to comply with the show cause order. The court cannot move forward on the merits of the application and complaint without additional information. Plaintiff appears to have abandoned any interest in pursuing his complaint. Dismissal without prejudice is the only sanction appropriate in this case.

Accordingly, it is respectfully recommended that plaintiff's application for leave to proceed *in forma pauperis* (D.E. 1) be denied and his complaint dismissed without prejudice for want of prosecution. FED. R. CIV. P. 41(b).

Respectfully submitted this 28th day of June, 2013.

                                          B. JANICE ELLINGTON
                                      UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).